UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| RICHARD BUTLER, | ) | C/A No.   4:13-1132-DCN-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| WARDEN LEROY CARTLEDGE, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Richard Butler (Petitioner/Butler), appearing *pro se*, filed his petition for a  writ

of habeas corpus pursuant to 28 U.S.C. § 2254[1] on April 29, 2013. Respondent filed a motion for

summary judgment on August 30, 2013, along with a return, supporting memorandum, and exhibits.

(Docs. #21, #22, #25, #26, and #28).  The undersigned issued an order filed September 3, 2013,

pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion

for summary judgment procedure and the possible consequences if he failed to respond adequately.

(Doc. #23). Petitioner filed a response on November 20, 2013. (Doc.# 39).

It is recommended that this action be dismissed as barred by the statute of limitations.

However, the procedural history is set forth for reference purposes.


## PROCEDURAL HISTORY

The procedural history as set out by the Respondent has not been disputed by the Petitioner.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate
Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c),
DSC.  Because this is a dispositive motion, this report and recommendation is entered for review
by the district judge.

Therefore, the undisputed procedural history as stated by the Respondent is set forth herein, quoted verbatim, in part.

Petitioner, Richard Butler, is presently confined in the McCormick Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Orangeburg County murder conviction and sentence. The Orangeburg County Grand Jury indicted Butler in March 1989 for murder. The Grand Jury indicted him in April 1989 for robbery. Reddick Bowman, Esquire, represented him on these charges.

On August 30, 1991, he received a jury trial on the murder charge, before the Honorable C. Anthony Harris. The jury found him guilty of murder and Judge Harris sentenced him to life imprisonment.

Butler timely served and filed a notice of appeal. Assistant Appellate Defender Wanda H. Haile represented him on appeal. On April 23, 1990, Ms. Haile filed an *Anders*[2] Brief of Appellant on Butler's behalf and petitioned to be relieved as counsel.  (App. Pp. 224-234). The only issue presented in this *Anders* Brief of Appellant was stated as follows:

> Did the lower court err in denying appellant's motion for a new trial when the state's evidence against him was insufficient evidence upon which to sustain his murder conviction?

App. p. 225. Butler filed a *pro se* response to the *Anders* Brief. However, Respondent asserts that the files associated with his direct appeal and his original PCR Application, AG file #s 1989-3135 and 1991-1233, have been destroyed because of their age, in accordance with Office policy. Respondent avers that the attached copy of his *pro se* response to the *Anders* brief provided to the

---

[2] *Anders v. California*, 386 U.S. 738 (1967).

2

Respondent by the South Carolina Supreme Court was received illegible and Respondent has been unable to improve upon the quality of this document. On February 25, 1991, the South Carolina Supreme Court dismissed Butler's appeal and granted counsel's petition to be relieved. *State v. Richard Butler,* 91-MO-76 (S.C. S.Ct., Feb. 25, 1991). App. p. 235. Respondent noted in a footnote within the memorandum that he had contacted the South Carolina Supreme Court on August 26, 2013, and ascertained that there was no Remittitur issued in connection with this appeal.

Petitioner filed a *pro se* Post-Conviction Relief (PCR) Application on April 15, 1991. He alleged ineffective assistance of Counsel and involuntary plea. The State filed its Return on July 12, 1991. The Honorable Julius H. Baggett held an evidentiary hearing into the matter on December 17, 1991, at the Orangeburg County Courthouse. Butler was present at the hearing; and Hammond Beale, Esquire, represented him. Assistant Attorney General Georgia L. Lewis represented the State. Butler testified on his own behalf, while the State presented the testimony of trial counsel, Reddick A. Bowman, Jr., Esquire. App. pp. 250-81. On February 27, 1992, Judge Baggett filed an Order of Dismissal, in which he denied relief and dismissed the Application with prejudice.

On April 25, 1995, Butler filed a second PCR Application (95-CP-38-0271). The State filed a Return and Motion to Dismiss dated August 23, 1996, arguing that the 1995 Application should be summarily dismissed because it was successive. App. pp. 298-301. The Honorable Edward B. Cottingham held a hearing on April 28, 1997, at the Orangeburg County Courthouse. On April 29, 1997, Judge Cottingham filed a summary order finding that Butler was entitled to a belated appeal under *Austin* but dismissing the remaining allegations because they were successive. App. p. 322.

Butler timely served and filed a notice of appeal on April 29, 1997. App. pp. 323-25. On May 19, 1997, Butler submitted a *pro se* Motion to Alter or Amend, pursuant to Rule 59(e), SCRCP. App.

pp. 326-29. The State made a Return and Motion to Dismiss Butler's motion on June 19, 1997. The State argued that Judge Cottingham's Order "contain[ed] the required findings of facts and conclusions of law as required by S.C. Code Ann. Sect. 17-27-80 (1976), and Rule 52(a) SCRCP. *See* also, *McCray v. State*, 305 S.C. 329, 408 S.E.2d 241 (1991)." App. pp. 330-31. Judge Cottingham signed an Order denying Butler's motion on June 20, 1997, and this Order was served on both Butler and collateral counsel on June 23, 1997. App. pp. 332-33.

Chief Attorney Daniel T. Stacey, of the South Carolina Office of Appellate Defense, represented him in collateral appellate proceedings. On April 1, 1998, Mr. Stacey filed a Petition for Writ of Certiorari, in which he presented the following question:

> Whether there was competent evidence in the record to support the judge's granting of a belated PCR appeal pursuant to *Austin v. State*?

On April 1, 1998, Mr. Stacey also filed a *Johnson* Petition for Writ of Certiorari Pursuant to *Austin v. State* on Butler's behalf and petitioned to be relieved as counsel. The only Question Presented in the *Johnson* Petition was stated as follows:

> Whether petitioner received effective assistance of counsel when several exculpatory defense witnesses were not called?

*Johnson* Petition p. 2.

Petitioner subsequently filed "Statement for Writ of Certiorari Pursuant to *Austin v. State*," notarized April 14, 1998. The South Carolina Supreme Court filed an Order denying certiorari and granting counsel's petition to be relieved on March 4, 1999. It denied Butler's *pro se* Petition for Rehearing and sent the Remittitur to the Orangeburg County Clerk of Court on April 12, 1999.

On March 9, 2010, Butler then filed a third *pro se* PCR Application (2010-GS-38-00368). The State made a Return and Motion to Dismiss on July 26, 2010. 2012 App. pp. 233-41. The State

argued that Butler's 2010 Application should be summarily dismissed because (1) it was successive to the previous PCR Application filed in 1991; (2) it was barred by the statute of limitations, S.C. Code Ann. §17-27-45(A) (Supp. 2013); and (3) it was barred by the doctrine of laches. The State further argued that it should be "summarily dismissed for failure to state a claim cognizable under the Post-Conviction Procedure Act, S.C. Code Ann.§ 17-27-10 to -160," to the extent he claimed trial court error.

With respect to Butler's claim of after-discovered evidence, the State argued that "The Applicant has not shown that the alleged evidence meets any of the requirements for after-discovered evidence. Most importantly, the "new evidence" offered by the Applicant is not 'material to the issue of guilt or innocence,' and probably would not 'change the result if a new trial was had.'"

On July 30, 2010, Butler, through Tricia A. Blanchette, Esquire, filed a Response to Respondent's Return and Motion to Dismiss. He argued that he was entitled to relief based upon the South Carolina Supreme Court's decision in *State v. Belcher*, 385 S.C. 597, 610, 685 S.E.2d 802, 809 (2009) ("the 'use of a deadly weapon' implied malice instruction has no place in a murder (or assault and battery with intent to kill) prosecution where evidence is presented that would reduce, mitigate, excuse or justify the killing (or the alleged assault and battery with intent to kill)."), the presence of this charge in the jury instructions in his case, and trial counsel's failure to object to the State's closing argument and the trial court's responses when the jury had questions and was unable to reach a verdict. 2012 App. pp. 242-46.

On August 26, 2010, the Honorable Diane S. Goodstein Chief Judge for Administrative Purposes in the First Judicial Circuit, filed a Conditional Order of Dismissal, in which she found that

the 2010 Application must be summarily dismissed because (1) it was successive to Butler's prior Application; (2) Butler had failed to comply with the statute of limitations, §17-27-45(A); and (3) Butler had not "shown that the alleged [after-discovered] evidence [met] any of the requirements for after-discovered evidence." 2012 App. pp. 247-52. (Emphasis in original).

However, given Butler's response to the return requesting a hearing, Judge Goodstein requested that the State schedule a motions hearing regarding the allegation of after-discovered evidence based on *State v. Belcher*, 385 S.C. 597, 685 S.E.2d 803 (2009). The Respondent contends in its memorandum that it has been unable to locate a formal Order to this effect, but this directive is reflected in the attached correspondence between Assistant Attorney General Mary Williams and collateral counsel, dated September 20, 2010.

The Honorable Edgar W. Dickson held a hearing on this issue, at the Orangeburg County Courthouse, on December 9, 2010. Ms. Blanchette represented Butler at the hearing, and Assistant Attorney General Williams represented the State. There was no testimony presented at the hearing, and the issue was simply argued by counsel for the parties. 2012 App. pp. 253-67. On January 10, 2012, Judge Dickson filed an Order of Dismissal addressing the *Belcher* claim raised by Butler.

Petitioner timely served and filed a notice of appeal. Chief Appellate Defender Robert M. Dudek represented Butler in collateral appellate proceedings. On November 5, 2012, Mr. Dudek filed a *Johnson* Petition for Writ of Certiorari on Butler's behalf and petitioned to be relieved as counsel.

The South Carolina Supreme Court filed an Order on May 16, 2013, in which it denied certiorari and granted counsel's petition to be relieved. It sent the Remittur to the Orangeburg County Clerk of Court on June 6, 2013.

6

## GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds,

quoted verbatim:

> SUPPORTING FACTS:   Whether the PCR court erred by refusing to consider this Court's State v. Belcher, 685 SE2d 802 (2009) decision which held that an inference of malice should not be charged where self-defense is an issue under the "FUNDAMENTAL FAIRNESS" no retroactivity exception of Teague v. Lane, 489 U.S. 288 (1989), since the issue was essentially raised during petitioner's direct appeal long before Belcher was decided, and the trial judge charged self-defense and voluntary manslaughter and re-charged the jury that malice may be inferred where the "defendant use a deadly weapon".

Argument.

1. The PCR court erred by refusing petitioner's <u>State v. Belcher</u>, 685 SE2d 802 (2009) decision stating that a inference of malice should not be charged where self-defense is at issue under the "FUNDAMENTAL FAIRNESS" exception of <u>Teague v. Lane</u>, 489 U.S. 288 (1989), since the trial judge charged self-defense and voluntary manslaughter and re-charged the jury that malice may be inferred where the "defendant used a deadly weapon.

Here, on direct appeal, petitioner argued that there was insufficient proof of the element of malice on petitioner's behalf Supp. App. 6. Counsel acknowledged that while malice could be inferred from the use of a deadly weapon…" the use of this weapon a knife "provides only an inference of malice which was certainly negated by evidence of legal provocation sufficient to invoke a crime of passion (emphasis now added). Supp. App. 6-7.

This court in <u>State v. Belcher</u>, 685 SE2d 802, held that trial courts should not charge that the jury can infer malice from the use of a deadly weapon where self-defense is also an issue or where there is evidence that "mitigated" the deadly assault. Here, also, heat and passion and a sufficient legal provocation that the trial judge found a plethora of evidence to support voluntary manslaughter. This court said that this holding would not apply to cases that were no longer on direct appeal and that were in post-conviction relief.

P.C.R. counsel correctly argued under <u>Teague v. Lane</u>, 489 U.S. 288 that there is a "FUNDAMENTAL FAIRNESS" exception to the rule against retroactive application of a new rule.

. . .

Here, PCR counsel argued that defense counsel raised on direct appeal that the inference of malice was negated by the evidence of voluntary manslaughter and the heat of passion and sufficient legal provocation. PCR counsel noted the judge expressed consent whether this was a murder case, and said that evidence of voluntary manslaughter was overwhelming. The judge charged the jury and re-charged the jury on the inference of malice from the use of a deadly weapon. The solicitor also argued it to the jury.

Given the evidence in this case, where the issue of malice being negated by evidence of a lesser-included offense was raised on direct appeal years before Belcher was decided, petitioner submits the issue should have been addressed by the PCR court, and not have been summarily dismissed as it was in his case.

Petitioner further argues that the South Carolina Supreme Court should have also remanded his case back to the PCR court with instructions to address the <u>State v. Belcher</u> issue under the FUNDAMENTAL FAIRNESS EXCEPTION OF TEAGUE V. LANE.

Petitioner argues that the PCR court and the S.C. Supreme Court denial of the above argument was contrary to Teague v. Lane. . . .

Petitioner further argues that Teague also did not prohibit the state courts from applying a new rule to cases that were finalized before that new rule was announced . . .

(Petition).

## SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by *pro se* litigants,

to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972);

*Haines v. Kerner,* 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. *Celotex*, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); *Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Barber v. Hosp. Corp. of Am.*, 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would

apply at a trial on the merits." *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. *See Celotex*, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." *Id.* at 322*; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc.*, 33 F.3d 390 (4th Cir. 1994); *Orsi v. Kickwood*, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## ANALYSIS
### DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

In response to the motion for summary judgment with regard to the limitations period, Petitioner argues that the one-year limitation time period does not apply in his case due to his claims of "after-discovered evidence based on *State v. Belcher*, 685 SE2d 803: which the state supreme court's 2009 decision in *Belcher* did in fact lead to the discovery of outcome determinative issues." (Doc. # 33).

The applicable law is as follows:

The AEDPA became effective on April 24, 1996. The AEDPA substantially

modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[3] Subsection (d) of the statute now reads:

>  (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

>>  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>>  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>>  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>>  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>  (2)  The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

For convictions that became final before the AEDPA's effective date, the limitations period

began on April 24, 1996. *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Brown v.*

_____

[3] Prior to this amendment there was no statute of limitations.  Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. *Duarte v. Hershberger*, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

*Angelone, supra*. The period therefore expires on April 24, 1997 (absent tolling). *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

As stated under the procedural history, Petitioner received a jury trial and was found guilty of murder and sentenced to life imprisonment on August 30, 1991. Since Petitioner's conviction became final before the AEDPA's effective date, he had until April 24, 1997, to file his habeas petition. Petitioner's conviction became final by the conclusion of direct review which was ninety (90) days after February 25, 1991, the date the South Carolina Supreme Court issued the decision affirming Petitioner's conviction. Petitioners first PCR application was  filed and resolved prior to the enactment of the AEDPA and, thus, did not toll the limitations period. Petitioner's second PCR application was filed on April 25, 1995, and was not resolved before the effective date of the AEDPA. Therefore, the statute of limitations was tolled until it concluded on April 12, 1999, when the state supreme court sent the Remittitur to the Orangeburg County Clerk of Court. Petitioner did not file his third PCR application until March 9, 2010, over ten years after the statute of limitations began to run.[4]  Petitioner filed his federal *pro se* petition for writ of habeas corpus on April 29, 2013, with a April 22, 2013, *Houston v. Lack*[5] delivery date. Accordingly, the instant  petition is time-barred by the one-year statute of limitations and should be dismissed.

In the case of *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000),  the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d).  In *Harris*, the Fourth Circuit stated:

---

[4] This third PCR application became final on June 6, 2013, when the South Carolina Supreme Court sent the Remittitur to the Orangeburg County Clerk of Court. This was after Petitioner filed his habeas petition.

[5] *Houston v. Lack*, 487 U.S. 266 (1988).

Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

The undersigned concludes there is no evidence that warrants equitable tolling. In the case of *Rouse v. Lee,* 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:

[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Id.* Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112

13

L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

*Id.* at 246-247.

Petitioner has attempted to argue that the statute of limitations does not apply to his case relying on the decision in *State v. Belcher*, 385 S.C. 597, 685 S.E.2d 802 (2009)[6]. Petitioner argues that the state supreme court's 2009 decision in *State v. Belcher* lead to his discovery of "outcome determinative issues." (Doc. #39). However the holding in that case was not retroactive, and therefore would not provide grounds for a review of Petitioner's conviction. *Cf. Byers v. Reynolds,* No. 11–20, 2012 WL 170192, at * 2 (D.S.C. Jan.19, 2012). Additionally, a question of state law is binding in federal court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Thomas v. Davis*, 192

---

[6] The state supreme court in *Belcher* held that a jury charge instructing that malice may be inferred from the use of a deadly weapon is no longer good law in South Carolina where evidence is presented that would reduce, mitigate, excuse or justify the homicide. It also held that the ruling would be effective in that case and "for all cases which are pending on direct review or not yet final where the issue is preserved" and would not apply to convictions challenged on post-conviction relief. *Belcher*, 685 S.E.2d at 809-810.

14

F.3d 445, 449 n. 1 (4ᵗʰ Cir. 1999). Based on the above reasons, the undersigned finds that the petition is barred by the statute of limitations, and Respondent's motion for summary judgment should be granted.

## **CONCLUSION**

Based on the foregoing, it is RECOMMENDED that Respondent's motion for summary judgment (document #22) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied as it is barred by the statute of limitations, and the petition dismissed without an evidentiary hearing.

It is FURTHER RECOMMENDED that any outstanding motions be deemed MOOT.

Respectfully Submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
February 25, 2014                    United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**